UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:13-cr-00365-JAD-CWH |
|---|---|
| Plaintiff | |
| v. | **Order Granting Motions for Early Termination of Supervised Release, for Leave to File Under Seal, and for Appointment of Counsel** |
| Manuel Albert Perez, | |
| Defendant | [ECF Nos. 116, 117, 119] |

Defendant Manuel Albert Perez, having been released from BOP custody 38 months ago, moves for the appointment of counsel and seeks early termination of his five-year term of supervised release. The government does not oppose his request, and his probation officer defers to the court. Because Perez has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal. And I grant his motion for early termination of supervised release because he meets the qualifying criteria.

**I.     Perez is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[1] Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[2] Perez's financial affidavit[3]

---

[1] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[2] The Plan for Administration of the CJA of 1964 at 7–8.

[3] ECF No. 118 (sealed).

confirms his inability to afford an attorney and his need for one to be appointed to him, so I grant his request to appoint counsel.

## II. Perez's financial affidavit will remain sealed.

The Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[4] "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[5] But "access to judicial records is not absolute."[6] Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[7] Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Perez filed here because they are administrative, not judicial, in nature.[8] I find that reasoning persuasive and adopt it here. So, because Perez's affidavit is an administrative document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

---

[4] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[5] *Id.* (cleaned up).

[6] *Id.*

[7] *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[8] *See, e.g.*, *United States . v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press."); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010). At least two circuit courts have concluded the same. *See Boston Herald v. Connolly*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998).

2

## II. Perez is entitled to early termination of his supervised release.

Perez moves for early termination of supervised release, arguing that he has completed more than three years of supervision, met all of his standard terms and special conditions, has a stable residence, is employed, and has had no arrests or negative contact with law enforcement.[9] Perez's probation officer defers to the court's judgment on the appropriateness of early release.[10]

District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[11] "After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[12] There exists a presumption in favor of early termination for a defendant who has been on supervised release for at least 18 months and (1) is not a career drug offender or career criminal and hasn't committed a sex offense or engaged in terrorism, (2) presents no identified risk of harm to the public, (3) hasn't committed any court-reported violations for 12 consecutive months, (4) demonstrates the ability to self-manage beyond the supervision period, (5) is in substantial compliance with his supervision conditions, and (6) "engages in appropriate prosocial activities and receives sufficient prosocial support" to conduct himself lawfully after supervision ends.[13]

---

[9] ECF No. 119 at 3.

[10] Report on Offender Under Supervision (not filed).

[11] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

[12] *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)).

[13] *Guide to the Judiciary Policy*, Volume 8E, Chapter 3, § 360.20(c) (available to the federal judiciary only at http://jnet.ao.dcn/Guide/Index.html).

Perez has been under supervision in this district since August 13, 2020, which amounts to more than 38 months, so he may be entitled to a presumption in favor of early termination.[14] Prior to his release, he served 63 months in prison for distribution of methamphetamine.[15] Because he isn't classified as a career drug offender or career criminal, and his crimes didn't include a sex offense or terrorism, he satisfies the first factor. I also find that his 63 months of incarceration were a strong deterrent against engaging in future criminal conduct. Perez's compliance with the terms of his supervision for more than three years—while committing no court-reported violations—weighs in favor of the second factor. He also works as a water-mitigation specialist and contractor and spends time with his family.[16] These activities demonstrate Perez's ability to self-manage, all while "not receiving any medical, educational, or vocational services through [p]robation."[17] Because I find that Perez meets the criteria triggering the presumption in favor of terminating his supervised release and the government has not overcome that presumption, I grant his motion and order his supervision terminated.

## Conclusion

IT IS THEREFORE ORDERED that Perez's motion for early termination of supervised release **[ECF No. 119] is GRANTED**. Perez's supervision is TERMINATED.

IT IS FURTHER ORDERED that Perez's motion for appointment of counsel **[ECF No. 116] is GRANTED** *nunc pro tunc* to October 20, 2023, and his motion for leave to file his

---

[14] ECF No. 2 (request to accept transfer of jurisdiction).
[15] ECF No. 107.
[16] ECF No. 6 at 3.
[17] *Id.*

affidavit under seal **[ECF No. 117] is also GRANTED**.  The Clerk of Court is directed to MAINTAIN THE SEAL on docket entry ECF No. 118.

_____
U.S. District Judge Jennifer A. Dorsey
November 29, 2023